IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY L. SMITH, Inmate #52962-019, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0008-MJR |
| | ) |
| H. OUSLEY, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on Plaintiff's second renewed motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 9). Plaintiff's first renewed motion for leave to proceed IFP in this case was denied on February 29, 2012 as Plaintiff has incurred five "strikes," and the Court concluded that he was not in imminent danger of serious physical injury so as to escape the three strikes provision of 28 U.S.C. § 1915 (Doc. 8). Plaintiff was given until March 14, 2012 to pay the full filing fee of $350.00 or the case would be dismissed.

For the second time, instead of paying the $350.00 filing fee as ordered, Plaintiff has filed a motion (this one on March 12, 2012) requesting to proceed IFP. Plaintiff alleges in his second renewed motion that he is in imminent danger of serious physical injury, to avoid the three strikes rule of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

**28 U.S.C. § 1915(g).**

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In his second renewed motion for IFP, Plaintiff reiterates that he is in imminent danger of serious physical injury because he suffers from acid reflux and other common ailments, for which Defendants refuse to provide him over-the-counter medication. The Court is well aware of Plaintiff's allegations of imminent danger from the previous pleadings in this case. The Court concludes that the Plaintiff is not under imminent danger of serious physical injury.

Therefore, the Court **DENIES** Plaintiff's second renewed motion for leave to proceed IFP herein (Doc. 9). Furthermore, this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

This dismissal shall **NOT** count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* **28 U.S.C. § 1915(b)(1);** *Lucien v. Jockisch*, **133 F.3d 464, 467 (7th Cir. 1998).**  The Clerk's Office is **DIRECTED** to close this case.

IT IS SO ORDERED.

DATED March 16, 2012.

                                            _s/ MICHAEL J. REAGAN_
                                            Michael J. Reagan
                                            United States District Judge